UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DEBBIE HAYS, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> PROVIDENT LIFE AND ACCIDENT ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil No. 08-259-GFVT <br><br><br> **MEMORANDUM OPINION** <br> **& ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiff's Motion for Discovery [R. 8]. In the Memorandum in Support of her Motion, the Plaintiff Debbie Hays states that the Defendant, Provident Life and Accident Insurance Company ("Provident"), has a conflict of interest because it both administers and pays employee benefit claims. [R. 8, attach. 1 at 1]. For this reason, Hays seeks discovery about Provident to fully develop the conflict of interest issue. [Id.]. In so doing, Hays argues that the United States Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008) has expanded the scope of discovery available in ERISA denial of benefits cases. [Id. at 2-3]. In response, Provident contends that *Glenn* did not change the law in the Sixth Circuit to allow for discovery in every ERISA case involving a conflict of interest. [R. 9 at 1].

For the reasons set forth below, the Court grants Hays's Motion for Discovery [R. 8] and permits limited discovery. The Court also, however, gives Provident a chance to object to

specific discovery requests individually. In order to provide Provident with time to object, Hays with time to respond, and the Court with time to make a definitive decision regarding the scope of discovery, the Scheduling Order [R. 7] currently in force in this case is set aside. A new scheduling order will issue when the discovery dispute has been finally resolved.

**I.**

This is an ERISA denial of benefits case. In *Firestone and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the Supreme Court held that a challenge to the denial of benefits under ERISA should "be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Where the plan administrator exercises discretion, a deferential, abuse of discretion standard of review applies. *Id.* at 111. Here, both parties agree that an abuse of discretion, or "arbitrary and capricious" standard of review should be applied by the Court. [*See* R. 7 at 2].

Before the Supreme Court decided *Glenn*, it was settled that in all ERISA denial of benefits cases, the usual discovery rules did not apply. Rather, the district court was limited to a review of the evidence contained in the administrative record. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). One exception existed, however, where new evidence was "necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.*

In *Glenn*, the Supreme Court considered the case where the entity that administers the employee benefits plan "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Glenn*, 128 S. Ct. at 2346. The Court held that "this dual role

creates a conflict of interest," and this conflict exists for ERISA purposes whether the plan administrator is the employer itself or a professional insurance company. *Id.* at 2346, 2349. Further, the Court held that a reviewing court should consider the conflict "as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case." *Id.* at 2346. The Court elaborated further on what it means for a court to consider the conflict of interest as a "factor": "[W]hen judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one." *Id.* at 2351. The Court continued: "In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Id.*

In making its decision, the *Glenn* Court specifically noted that the presence of a conflict of interest does not change the standard of review that should be applied by the reviewing court. *Id.* at 2350. In his concurrence, however, Chief Justice Roberts expressed his opinion that the majority's approach will change the standard of review in ERISA cases in which the abuse-of-discretion standard applies. *Id.* at 2352-53 (Roberts, J., concurring in part and concurring in the judgment). He explained:

> "The majority's approach would allow the bare existence of a conflict to enhance the significance of other factors already considered by reviewing courts, even if the conflict is not shown to have played any role in the denial of benefits. The end result is to increase the level of scrutiny in every case in which there is a conflict–that is, in many if not most ERISA cases–thereby undermining the deference owed to plan administrators when the plan vests discretion in them."

*Id.* According to Justice Roberts, he "would instead consider the conflict of interest on review

3

only where there is evidence that the benefits denial was motivated or affected by the administrator's conflict." *Id.* at 2353. Justice Roberts's reasoning is persuasive. It is the opinion of the majority, however, that constitutes binding authority.

The *Glenn* Court did not explicitly answer the question of whether discovery should be allowed in all cases in which the dual role conflict of interest exists. And, since *Glenn*, courts have not reached the same answer to this question. *See Winterbauer v. Life Ins. Co. of North America*, 2008 WL 4643942, at *4-5 (E.D. Mo. Oct. 20, 2008). In its Brief Opposing Discovery, Provident points to cases in which courts have decided that *Glenn* has not changed the discovery rules. [R. 9 at 3-4]. In *Dubois v. Unum Life Ins. Co. of America*, 2008 WL 2783283, at *1 (D. Me. July 14, 2008), for example, the district court stated that "*Glenn* was not a case about discovery and does not suggest that discovery automatically should be permitted if such a conflict exists." Hays, in turn, points to *Winterbauer*, in which the United States District Court for the Eastern District of Missouri expressed its belief that "*Glenn* permits some amount of discovery." *Winterbauer*, 2008 WL 4643942, at *5. The Sixth Circuit Court of Appeals has yet to reach this issue.

This Court is persuaded that, after *Glenn*, some discovery is appropriate in ERISA denial of benefits cases involving a conflict of interest. As the *Winterbauer* court stated, "[T]here is no way to determine the extent of the administrator's conflict of interest without looking beyond the administrative record." *Id.* at *4 (citing *Albert v. Life Ins. Co. of N. Am.*, 156 F. Appx. 649, 653 (5th Cir. 2005)(per curiam)). Stated otherwise, while a plan administrator's dual role in both evaluating and paying benefits claims creates a *per se* conflict of interest, that conflict of interest does not constitute a *per se* abuse of discretion. Rather, the Court must look at the circumstances

4

of the particular case, and those circumstances must be discovered.

Provident argues that Sixth Circuit precedent requires Hays to make a threshold showing of bias or a procedural violation in her particular case before the Court can permit discovery. [R. 9 at 3-4]. Provident cites, for example, *Putney v. Medical Mutual of Ohio*, 111 Fed. Appx. 803, 807 (6th Cir. 2004), in which the Sixth Circuit upheld a district court's denial of discovery because the claimant "presented absolutely no evidence of bias," nor did he provide "any facts to support a claim that discovery might lead to such evidence." Similarly, in *Crider v. Life Ins. Co. of North America*, 2008 WL 239659, at *4 (W.D. Ky. Jan. 29, 2008), Judge Heyburn held that, in conflict of interest cases, an ERISA plaintiff's "request for discovery must, at the very least, be premised upon evidence within the administrative record, which raises substantial questions of fairness." Hays has made no such threshold showing.

Both *Putney* and *Crider*, however, were decided before *Glenn*. This Court is not persuaded that, were these same courts to take up the issue again, they would reach the same result. In *Glenn*, the Supreme Court noted that it does not "believe it is necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Glenn*, 128 S. Ct. at 2351. The Court continued: "Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress." *Id.* The district court in *Meyers v. Prudential Life Ins. Co. of America*, 2008 WL 4569969, at *8 (E.D. Tenn. Sept. 22, 2008), cited this language from *Glenn* and interpreted it "as a warning against establishing special evidentiary procedures to apply to interest/bias issues that arise in ERISA-denial-of-benefits cases." "Instead," according to the *Meyers* court, "the Supreme Court

5

exhorts the courts to examine and review each case on an individual basis, which would include fashioning an appropriate discovery plan based on the tools already available to parties in any other civil action." *Id.* This Court agrees. Thus, after reviewing the Supreme Court's decision in *Glenn* and its progeny, the Court will allow Hays limited discovery on the conflict of interest issue.

## II.

"Much of discovery is a fishing expedition of sorts, but the Federal Rules of Civil Procedure allow the Courts to determine the pond, the type of lure, and how long the parties can leave their lines in the water." *Myers*, 2008 WL 4569969, at *9. Hence, permitting discovery in this case does not mean the Court will compel Provident to respond to all of Hays's discovery requests. In its Brief Opposing Discovery, Provident asked for the opportunity to object to specific discovery requests individually if the Court allows discovery. [R. 9 at n. 2]. Provident's request is granted.

To facilitate the process, the Court will provide the parties with some guidance regarding the kinds of information it considers discoverable. In *Glenn*, the Supreme Court explained that "[t]he conflict of interest...should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Glenn*, 128 S. Ct. at 2351. The Court continued: "It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate

6

decisionmaking irrespective of whom the inaccuracy benefits." *Id.* Thus, the Court is inclined to allow some discovery on Provident's history of claims administration, and on any steps taken by Provident to reduce potential bias or promote accuracy.

Additionally, like the court in *Myers*, the Court is "inclined to find that plaintiff is entitled to know generally if the defendant had at any time relevant to this case, any type of incentive, bonus, or reward program or system, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims." *Myers*, 2008 WL 4569969, at *10. At this point in time, however, given that Hays has not yet come forward with any information suggesting the influence of bias in the administration of her claim, the Court will not permit discovery regarding individual employees of Provident, including pay records and personnel files. *See id.*

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Plaintiff's Motion for Discovery [R. 8] is **GRANTED**;

(2) The Defendant shall have thirty (30) days from the date of entry of this Order to answer or to make objection under the Federal Rules of Civil Procedure to the Plaintiff's specific discovery requests; and

(3) The Scheduling Order [R. 7] is **SET ASIDE**. A new scheduling order will be entered once the discovery dispute has been finally resolved.

This the 12th day of December, 2008.



**Signed By:**
*Gregory F. Van Tatenhove*
**United States District Judge**